U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2016 OCT 19 AM 10: 37

CLERK

BY _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| BROADCAST MUSIC, INC.; ) | |
| DON KIRSHNER ENTERTAINMENT ) | |
| COMPANY AND CRUVEN, INC., A ) | CIVIL ACTION NO.: 1:16-cv-276 |
| JOINT VENTURE d/b/a KIRSHNER ) | |
| CBS MUSIC PUBLISHING; ) | |
| SONGS OF UNIVERSAL, INC.; ) | |
| INTERIOR MUSIC CORP.; ) | |
| EMI BLACKWOOD MUSIC, INC.; ) | |
| RISING GORGE MUSIC; PAINTED ) | |
| DESERT MUSIC CORPORATION, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| SIERRA ENTERPRISES, INC. d/b/a ) | |
| THE PUBLYK HOUSE; STEVEN E. ) | |
| BRYANT and LAUREN D. BRYANT, ) | |
| each individually, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiffs, by their attorneys, for their Complaint against Defendants, allege as follows (on knowledge as to Plaintiffs; otherwise on information and belief):

### JURISDICTION AND VENUE

1. This is a suit for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. Sections 101 et seq. (the "Copyright Act"). This Court has jurisdiction pursuant to 28 U.S.C. Section 1338(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1400(a).

## THE PARTIES

3.     Plaintiff Broadcast Music, Inc. ("BMI"), is a corporation organized and existing under the laws of the State of New York. BMI's principal place of business is 7 World Trade Center, 250 Greenwich Street, New York, New York 10007. BMI has been granted the right to license the public performance rights in approximately 10.5 million copyrighted musical compositions (the "BMI Repertoire"), including those which are alleged herein to have been infringed.

4.     The Plaintiffs other than BMI are the owners of the copyrights in the musical compositions, which are the subject of this lawsuit. All Plaintiffs are joined pursuant to Fed. R. Civ. P. 17(a) and 19(a).

5.     Plaintiff Kirshner CBS Music Publishing is a joint venture owned by Don Kirshner Entertainment Company and Cruven, Inc. This Plaintiff is the copyright owner of at least one of the songs in this matter.

6.     Plaintiff Songs of Universal, Inc. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

7.     Plaintiff Interior Music Corp. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

8.     Plaintiff EMI Blackwood Music, Inc. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

9.     Plaintiff Rising Gorge Music is a sole proprietorship owned by Dennis N. Linde. This Plaintiff is the copyright owner of at least one of the songs in this matter.

10. Plaintiff Painted Desert Music Corporation is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

11. Defendant Sierra Enterprises, Inc. is a corporation organized and existing under the laws of the State of Vermont which operates, maintains and controls an establishment known as The Publyk House located at 782 Harwood Hill Road, Bennington, VT 05201-8810, in this district the ("Establishment").

12. In connection with the operation of the Establishment, Defendant Sierra Enterprises, Inc. publicly performs musical compositions and/or causes musical compositions to be publicly performed.

13. Defendant Sierra Enterprises, Inc. has a direct financial interest in the Establishment.

14. Defendant Steven E. Bryant is a president of Defendant Sierra Enterprises, Inc. with responsibility for the operation and management of that corporation and the Establishment.

15. Defendant Steven E. Bryant has the right and ability to supervise the activities of Defendant Sierra Enterprises, Inc. and a direct financial interest in that corporation.

16. Defendant Lauren D. Bryant is a vice president of Defendant Sierra Enterprises, Inc. with responsibility for the operation and management of that corporation and the Establishment.

17. Defendant Lauren D. Bryant has the right and ability to supervise the activities of Defendant Sierra Enterprises, Inc. and a direct financial interest in that corporation.

## CLAIMS OF COPYRIGHT INFRINGEMENT

18. Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through 17.

19. Since September 2009, BMI has reached out to Defendants over one hundred (100) times, by phone, by mail and by email, in an effort to educate Defendants as to their obligations under the Copyright Act with respect to the necessity of purchasing a license for the public performance of musical compositions in the BMI repertoire. Included in the letters were Cease and Desist Notices, providing Defendants with formal notice that they must immediately cease all use of BMI-licensed music in the Establishment.

20. Plaintiffs allege seven (7) claims of copyright infringement based upon Defendants' unauthorized public performance of musical compositions from the BMI Repertoire. All of the claims for copyright infringement joined in this Complaint are governed by the same legal rules and involve similar facts. Joinder of these claims will promote the convenient administration of justice and will avoid a multiplicity of separate, similar actions against Defendants.

21. Annexed to this Complaint as a schedule (the "Schedule") and incorporated herein is a list, attached as Exhibit A, identifying some of the many musical compositions whose copyrights were infringed by Defendants. The Schedule contains information on the seven (7) claims of copyright infringement at issue in this action. Each numbered claim has the following eight lines of information (all references to "Lines" are lines on the Schedule): Line 1 providing the claim number; Line 2 listing the title of the musical composition related to that claim; Line 3 identifying the writer(s) of the musical composition; Line 4 identifying the publisher(s) of the musical composition and the plaintiff(s) in this action pursuing the claim at issue; Line 5 providing the date on which the copyright registration was issued for the musical composition; Line 6 indicating the copyright registration number(s) for the musical composition; Line 7 showing the date(s) of infringement; and Line 8 identifying the Establishment where the infringement occurred.

22. For each work identified on the Schedule, the person(s) named on Line 3 was the creator of that musical composition.

23. For each work identified on the Schedule, on or about the date(s) indicated on Line 5, the publisher(s) named on Line 4 (including any predecessors in interest), complied in all respects with the requirements of the Copyright Act and received from the Register of Copyrights Certificates of Registration bearing the number(s) listed on Line 6.

24. For each work identified on the Schedule, on the date(s) listed on Line 7, Plaintiff, BMI was (and still is) the licensor of the public performance rights in the musical composition identified on Line 2. For each work identified on the Schedule, on the date(s) listed on Line 7, the Plaintiff(s) listed on Line 4 was (and still is) the owner of the copyright in the respective musical composition listed on Line 2.

25. For each work identified on the Schedule, on the date(s) listed on Line 7, Defendants publicly performed and/or caused to be publicly performed at the Establishment the musical composition identified on Line 2 without a license or permission to do so. Thus, Defendants have committed copyright infringement.

26. The specific acts of copyright infringement alleged in the Complaint, as well as Defendants' entire course of conduct, have caused and are causing Plaintiffs great and incalculable damage. By continuing to provide unauthorized public performances of works in the BMI Repertoire at the Establishment, Defendants threaten to continue committing copyright infringement. Unless this Court restrains Defendants from committing further acts of copyright infringement, Plaintiffs will suffer irreparable injury for which they have no adequate remedy at law.

WHEREFORE, Plaintiffs pray that:

(I) Defendants, their agents, servants, employees, and all persons acting under their permission and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. Section 502;

(II) Defendants, be ordered to pay statutory damages, pursuant to 17 U.S.C. Section 504(c);

(III) Defendants, be ordered to pay costs, including a reasonable attorney's fee, pursuant to 17 U.S.C. Section 505; and

(IV) Plaintiffs have such other and further relief as is just and equitable.

Respectfully submitted,

Dated: October 18, 2016      By: _____
Geoffrey J. Vitt
gvitt@vittandassociates.com
VITT & ASSOCIATES PLC
8 Beaver Meadow Road
P.O. Box 1229
Norwich, VT 05055
Tel: (802) 649-5700
Fax: (802) 649-1692

Attorney for Plaintiffs

6